# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60667

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2015

Lyle W. Cayce
Clerk

DENNIS M. GALLIPEAU,

Plaintiff-Appellant

v.

LUISA MARTINEZ, MD,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CV-843

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Dennis M. Gallipeau, federal prisoner # 16472-171, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his *Bivens*[1] complaint. Gallipeau claimed that Dr. Luisa Martinez violated his Eighth Amendment right to adequate medical care. The district court granted Martinez's motion for summary judgment and dismissed the suit after concluding that Gallipeau failed to exhaust his administrative remedies.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

No. 14-60667

Denying his motion for leave to proceed IFP on appeal, the district court certified that the appeal was not taken in good faith.

By moving to proceed IFP, Gallipeau is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may dismiss the appeal under 5th Circuit Rule 42.2 if it is frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

We review de novo a grant of summary judgment, applying the same standard as the district court. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). "The [district] court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Our review of the record reveals no error in the district court's judgment. Prior to bringing suit, a prisoner must exhaust all available administrative remedies. *See* 42 U.S.C. §1997e(a). Gallipeau filed an initial BP-8 form in which he complained that Martinez had been unwilling to treat his shoulder injury. In response to that request, prison officials scheduled an appointment for Gallipeau to see Martinez. After an appointment with Martinez, Gallipeau expressed his dissatisfaction with the treatment plan and a desire to file administrative grievances against her. Although Gallipeau argues that he was not required to pursue additional administrative remedies after receiving a favorable response to his initial grievance, his complaint attacked the adequacy of care and prescribed treatment plan arising out of that

appointment. Gallipeau failed to seek any administrative remedy based on his dissatisfaction with the medical care received from Martinez and, therefore, the district court correctly granted Martinez's motion for summary judgment on exhaustion grounds. *See Nickell*, 636 F.3d at 754.

In light of the foregoing, Gallipeau has not shown that he will raise a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 219-20. Accordingly, his motion to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Finally, the district court erroneously imposed a strike against Gallipeau under 28 U.S.C. § 1915(g), which only specifies strikes for actions and appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. Therefore, the court's summary judgment dismissal of Gallipeau's suit does not count as a strike under § 1915(g). However, our dismissal of this appeal as frivolous counts as one strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We warn Gallipeau that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.